IN THE

# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

◆◆

MICHAEL H. JOHNSON, JR.,

*Plaintiff-Appellant,*

—v.—

WELLS FARGO BANK, N.A., as trustee for the
Holders of the SASCO 2007 MLN1 Trust Fund,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA-MINNEAPOLIS

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

MOSHE MORTNER
THE MORTNER LAW OFFICE, PC
40 Wall Street, 28th Floor
New York, New York 10005
(646) 820-8770

PAUL J. BOSMAN
BITTLE BOSMAN LLC
5775 Wayzata Boulevard, Suite 700
Minneapolis, Minnesota 55416
(952) 582-2900

*Attorneys for Plaintiff-Appellant*

# Contents

TABLE OF AUTHORITIES ........................................................................... 2

I.    REPLY PROCEDURAL HISTORY .................................................... 3

II.   ARGUMENT ...................................................................................... 6

  A.   The District Court Properly Found a Failure of Physical Transfer of
the Note at the Startup of the Trust..................................................................... 6

  B.   The Court of Appeal's *de novo* Review Must Consider More Facts
Than Just Those Referred to by Appellee............................................................ 9

  III.  CONCLUSION ....................................................................................10

  IV.  CERTIFICATE OF COMPLIANCE ....................................................11

# TABLE OF AUTHORITIES

**Cases**

*Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir.2011) .................................. 7

*Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 493 (Minn. 2009) ............................................................................................................ 8

*Nord v. Kelly*, 520 F. 3d 848, 852 (8th Circuit 2008) ............................................ 9

*Plains Commerce Bank v. Long Family Land & Cattle Co*., 491 F.3d 878, 884 (8th Cir.2007).............................................................................................................. 9

**Statutes**

Minn. Stat. § 336.3-202(1)..................................................................................... 6

**Rules**

Fed.R.Civ.P. 56(c) .................................................................................................. 7

Appellate Case: 13-1005    Page: 3    Date Filed: 06/10/2013 Entry ID: 4043758

# I.   REPLY PROCEDURAL HISTORY

Appellee incorrectly states,

> At oral argument, the District Court rejected Mr. Johnson's claims regarding the assignment of mortgage and determined the only issue remaining was whether the original note was properly and timely transferred to the trust. (Appellee's Brief, p. 6)

The Court of Appeals needs to know the true events in the procedural history of this case, because they are relevant to reaching a correct determination.

Prior to the Appellee's motion for summary judgment, which gives rise to this appeal, Defendant-Appellee moved to dismiss, and Plaintiff-Appellant Michael H. Johnson, Jr. cross-moved for summary judgment. At that stage in the case, Appellee had made no allegation regarding the transfer of the subject note to the Trust except to say "the original Note was transferred to Defendant under a blank endorsement." (A343, Answer, ¶5.) Appellee offered no allegations or evidentiary proofs as to how, when or to whom the transfer of the note was made. The only documentary evidence Appellee offered in support of its claimed right to foreclose was an assignment of the mortgage.

Therefore, Appellant's argument was addressed to the assignment of the Mortgage. Appellant argued that the assignment of the mortgage to Appellee as trustee for the subject trust was void as a matter of law, because the transfer of the mortgage was made three years after the startup date of the trust when no further

3

assets could be added to the trust.  Therefore, based on Appellee's documents the assignment was a "prohibited transaction" pursuant to the trust agreement, thus void as a matter of law.

On September 20, 2011, the District Court heard oral argument on the parties' respective motions for accelerated judgment.  Approximately two hours into the oral argument, Appellee's counsel made a stunning disclosure.  He represented to the Court that his client was in actual possession of the note.  At that point in the proceedings the Court proposed that the parties engage in a brief and limited discovery process, in which Appellant would request the note and Appellee would produce it.  The Court also suggested that if Appellee could, in fact, establish itself as the holder of the note that Appellee ought to consider voluntarily dismissing this action, since the issue that had been under consideration regarding whether the assignment of mortgage was void would become moot.

Therefore, on October 11, 2011, Appellant served very limited discovery, consisting of 7 requests for documents and two interrogatories, all of which pertained only to the alleged assignment or transfer of the note to Appellee. (A348-352)  However, notwithstanding further requests for production of the note on December 8, 2011 (A491) and on January 27, 2012 (A493), Appellee did not produce the note and endorsement, contrary to the District Court's instructions to provide discovery on this issue.  Instead, on June 14, 2012, Appellee filed the

4

motion for Summary Judgment now on appeal, (A357) and included a copy of the note endorsed in blank in its motion papers, nine months after representing to the District Court that Appellee had the note in its possession.

Furthermore, upon producing a copy of the note with blank endorsement, Appellee's counsel admitted that he did not obtain the note from the Trust's custodian of documents, U.S. Bank, but strangely the note was provided to counsel by Bank of America, the alleged transferor of the note, the bank which had allegedly transferred the note into U.S. Bank's possession in 2006. (A357)

Moreover, upon examination of the note, Appellant observed that the endorsement appeared to be bogus. The note bears an undated, blank endorsement by originator of the loan, Mortgage Lenders Network USA, Inc. The endorsement is signed by "Julie Sabon-Van Dyke, Assistant Operations Manager." (A416) However, Appellant discovered there are at least three different signatures extant for "Julie Sabon-Van Dyke," and at least two different "Julie Sabon-Van Dykes" signing for Mortgage Lenders Network USA Inc. (A494, 496 and 497). On all of the public records bearing the signature "Julie Sabon-Van Dykes," except the note herein, the "Julie Sabon-Van Dykes" signatures are witnessed. Because Appellee delayed nine months until producing the note along with its motion, Appellant was prevented from conducting a deposition of Ms. Julie Sabon-Van Dykes.

Appellate Case: 13-1005   Page: 6   Date Filed: 06/10/2013 Entry ID: 4043758

Based on the foregoing, Appellant contends that Appellee failed to establish, upon the documents, that the note was duly transferred to Appellee. On the contrary, the documents Appellee submitted to the District Court for this motion only raised questions of fact, to wit: (i) only nine months after Appellee's counsel represented that Appellee had the note did Appellee finally produce a copy of the note with a blank endorsement, (ii) the note was found in the possession of Bank of America, not U.S. Bank, and (iii) the note's undated endorsement appears to be bogus.

## II.     ARGUMENT

### A. <u>The District Court Properly Found a Failure of Physical Transfer of the Note at the Startup of the Trust.</u>

This Appeal focuses on the following findings by the District Court:

> U.S. Bank said the following with respect to Johnson's note: "Document is a True & Correct copy, need recorded original." *Id*. at 67. In other words, U.S. Bank told Wells Fargo that the Trust possessed a true and correct copy of Johnson's note, but that, to complete the file, Wells Fargo needed to obtain the "recorded original" of that note. These records leave little doubt that the Johnson note was assigned to the Trust prior to the Trust's startup date. (A633-4)

Regarding these findings, Appellant contends that the District Court properly found (1) that Wells Fargo did not obtain the original of the subject note, *i.e.*, it was not timely provided, if at all to the trustee's custodian U.S. Bank, and

6

(2) Appellant argues that the District Court erred in concluding that the note was assigned to the Trust in the absence of any evidence of an assignment.

Conversely, Appellee contends that the District Court (1) erred in finding that Wells Fargo needed to obtain the original of the subject note at the time of the startup of the Trust, and (2) Appellee offers no opposition to Appellant's argument that, because there was no evidence of an assignment of the note to Appellee, the District Court erred in finding that Appellee became a holder of the note as a result of a presumed assignment agreement.

Thus, the only question in dispute is whether the District Court properly found that Wells Fargo did not obtain the original of the subject note in 2006 at the time of the startup of the trust.

Appellee argues that upon *de novo* review the Court of Appeals must conclude that the District Court erred in finding the note was not physically transferred to the Trust's custodian, U.S. Bank.

Whereas, Appellant contends that the District Court properly found a failure of physical transfer of the note, and thus a failure of negotiation of the note (Minn. Stat. § 336.3-202(1)).

In support of its position, Appellant contends that the District Court's finding that the note was not transferred was correct in accordance with the rule that states that on a motion for summary judgment the Court views "the record in

7

the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir.2011).  Thus, the District Court properly concluded that the statement in U.S. Bank's certification that "Document is a True & Correct copy, need recorded original" was referring to the note, and indeed such an inference was reasonable and in the nonmoving party's favor.  The fact is that terms like "mortgage" and "collateral" are often used to refer to a mortgage note.  Thus, U.S. Bank referred to the file that was supposed to contain the note as the "collateral file." As Appellee states, "The collateral file includes the original note." (Appellee's Brief, p.8) Also, the Supreme Court of Minnesota has recognized that a real property *mortgage* consists of "two things, the personal obligation and the interest in the realty securing that obligation." *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 493 (Minn. 2009) (*citing* 4 George E. Osborne, *American Law of Property* § 16.107 (1952)).  Accordingly, it was proper for the District Court to find on Appellee's motion for summary judgment that the documents evidenced that the note was not physically in U.S. Bank's possession at the startup of the trust.

Appellate Case: 13-1005     Page: 9     Date Filed: 06/10/2013 Entry ID: 4043758

**B. The Court of Appeal's *de novo* Review Must Consider More Facts Than Just Those Referred to by Appellee.**

Appellee demands that the Court of Appeals undertake a *de novo* review of the facts before the District Court on the Summary Judgment motion. In such case then the Court of Appeals must consider all of the facts that were before the District Court, including the following facts: (i) that Appellee required nine months to locate and produce the endorsed note, (ii) that the note was found in 2012 in the possession of Bank of America, the alleged transferor of the note in 2006, rather than in the possession of the alleged transferee, the trust's custodian U.S. Bank and (iii) that the note's endorsement appears, based on evidence before the District Court, to be bogus.

Upon these facts, the District Court should have denied summary judgment. Summary judgment is only appropriate if there is no genuine issue as to ***any material fact*** and the moving party is entitled to judgment as a matter of law. *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 491 F.3d 878, 884 (8th Cir.2007), Fed.R.Civ.P. 56(c).

It is also significant in the Court of Appeal's *de novo* review that Appellant was not even afforded the opportunity of a full and complete discovery process, notwithstanding Appellant's objections. *Nord v. Kelly*, 520 F. 3d 848, 852 (8th Cir. 2008) (The Court of Appeals reviews for an abuse of discretion in the district

9

court's refusal to allow further discovery prior to ruling on a motion for summary judgment.)

Based on the foregoing and upon Appellant's main brief herein, the Court of Appeals should reverse and remand.

## III.    CONCLUSION

For all the reasons set forth above Plaintiff-Appellant Michael H. Johnson, Jr. respectfully requests that the Court reverse the District Court's order granting summary judgment for the Defendant-Respondent, and Plaintiff-Appellant requests such other and further relief as to this Court may seem just, proper and equitable.

Dated:  June 10, 2013

By _____
Moshe Mortner, Esq.
The Mortner Law Office, PC
40 Wall Street, 28h Floor
New York, NY 10005
646-820-8770
Counsel for Plaintiff/Appellant

10

# IV.    CERTIFICATE OF COMPLIANCE

1.    This reply brief complies with the type-volume limitation of

Fed.R.App.P.32(a)(7)(B)(ii) because:

This brief contains only 1,958 words, including the parts of the brief exempted by Fed.R.App.32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of

Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P32(a)(6)

because:

This brief has been prepared in proportionally space typeface using Microsoft Office Word 2007, in Times New Roman, font size 14.

Dated:        June 10, 2013
              New York, New York

_____
              Moshe Mortner (RM-0019)

11

# CERTIFICATE OF SERVICE

        I hereby certify that I caused the foregoing **Reply Brief for Plaintiff-Appellant** to be served on counsel for Appellee via Electronic Mail generated by the Court's electronic filing system (CM/ECF) with a Notice of Docket Activity pursuant to Local Rule 25.

Steven H. Bruns
Jared M. Goerlitz
Peterson, Fram & Bergman, PA
55 East Fifth Street, Room 800
Saint Paul, Minnesota 55101
(651) 968-1022

*Attorneys for Defendant-Appellee*

I certify that an electronic copy was uploaded to the Court's electronic filing system.

Clerk of Court
United States Court of Appeals, Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Suite 24.329
Saint Louis, Missouri 63102
(314) 244-2400

on this 10th day of June 2013.

                      /s/ Nadia Oswald-Hamid
                      Nadia Oswald-Hamid

# ANTI-VIRUS CERTIFICATION

Case Name: *Johnson v. Wells Fargo Bank*

Docket Number: 13-1005

I, Nadia Oswald-Hamid, hereby certify that the Reply Brief for Plaintiff-Appellant submitted in PDF format via Electronic Mail generated by the Court's electronic filing system (CM/ECF) with a Notice of Docket Activity in the above referenced case, was scanned using CA Software Anti-Virus Release 8.3.02 (with updated virus definition file as of June 10, 2013) and found to be VIRUS FREE. The file uploaded to the Court's electronic mail system is so formatted that the text can be searched and copied.

Date: June 10, 2013

/s/ Nadia Oswald-Hamid

Nadia Oswald-Hamid

*Record Press, Inc.*